# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. HUBBARD, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01751-BAM (PC)<br><br>ORDER STRIKING UNSIGNED COMPLAINT AND REQUIRING PLAINTIFF TO FILE A SIGNED COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Matthew Allen ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on November 18, 2016 (ECF No. 1), and has consented to magistrate judge jurisdiction. (ECF No. 6.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In preparing to screen the complaint, the Court notes Plaintiff's complaint lacks any signature. Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by at least one attorney of record or by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b). Since Plaintiff's complaint is unsigned, the Court must strike it from the record. Plaintiff will be permitted thirty (30) days to file a signed complaint that complies with Federal Rules of Civil Procedure and the

1

Local Rules.

Finally, there were approximately 40 pages of exhibits attached to Plaintiff's unsigned complaint. The Court reminds Plaintiff that Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus, in amending his complaint, Plaintiff must state sufficient facts showing what each defendant did or did not do that resulted in a violation of his rights. The Court is not required to sift through Plaintiff's exhibits and attachments in an effort to determine what Plaintiff's claim(s) are. If Plaintiff chooses to add attachments, he must identify them for the Court with specificity, and explain their significance.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed November 18, 2016 (ECF No. 1), is STRICKEN from the record for lack of signature;

2. The Clerk's Office SHALL send to Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL file a complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file a complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to prosecute, and failure to obey a court order**.

IT IS SO ORDERED.

Dated: **June 8, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE