| | |
|---|---|
| MATTHEW ALLEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. HUBBARD, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01751-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING SEVER AND TRANSFER OF CLAIMS AGAINST DEFENDANT RIET AND DISMISSAL OF REMAINING CLAIMS AGAINST DEFENDANT MORGAN<br><br>(ECF No.23)<br><br>**FOURTEEN-DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Matthew Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On February 21, 2018, the Court screened Plaintiff's first amended complaint and granted him leave to amend. (ECF No. 22.) Plaintiff's second amended complaint, filed on March 19, 2018, is currently before the Court for screening. (ECF No. 23.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Sacramento. The events in the second amended complaint are alleged to have occurred when Plaintiff was housed at Lancaster State Prison and Corcoran State Prison. Plaintiff names the following defendants: (1) Correctional Officer Riet, Lancaster State Prison; and (2) Correctional Officer Morgan, Corcoran State Prison.

> Plaintiff alleges as follows:
> After my transfer to Lancaster, Officer Riet stated that my 3 boxes of property had: "Followed Me" and that he'd went through them to "check for contriband." He then made inappropriate comments about photos of my 9 year old daughter, saying "She'll make an exellent prostitute some day," etc. He did, however, state that he'd issue me my property but I never say any of it again. This was in Sep/2015). Officer Riet's inappropriate comments lead me to believe he personally kep all 3 of my photo albums filled w/ my kid's photos therefore "lost" my belongings in order to avoid drawing attention to my missing photo albums.

2

> Among this missing property was my native spiritual medicine, 3 photo albums, CD player & headphones, food, clothes and toiletries (hygene). I then transfered to Corcoran a month later. There, I spent $200.00 (proof on enclosed inmate statement report). From 12/01/15. On 12/17/15 I was removed from the yard and Office Morgan was the property office in charge at the time but, again my things were delt w/ negligence, now <u>everything</u> is gone.

(ECF No. 23 at 3-4) (unedited text).

### III. Discussion

#### A. Federal Rules of Civil Procedure 18 and 20

In his second amended complaint, Plaintiff brings claims against Officer Riet at Lancaster State Prison and Officer Morgan at Corcoran State Prison regarding the loss of discrete items of personal property. While Corcoran State Prison is located in this judicial district, Lancaster is located in the Central District of California.

A party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a), 20(a)(2); <u>Owens v. Hinsley</u>, 635 F.3d 950, 952 (7th Cir. 2011); <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." <u>George</u>, 507 F.3d at 607. However, multiple parties may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

Although Plaintiff's allegations related to the loss of his personal property, he presents claims involving different items of property and events at different times and locations. In other words, the allegations in Plaintiff's complaint do not arise out of the same transaction, occurrence or series of transactions or occurrences. Accordingly, it will be recommended that Plaintiff's claims arising from events at Lancaster State Prison be severed from this action.

In considering transfer versus dismissal of the severed defendant and claims, the Ninth Circuit has advised district courts to conduct a prejudice analysis before dismissing the severed parties pursuant to Federal Rule of Civil Procedure 21. Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (abuse of discretion to dismiss rather than sever claims against improperly joined parties without evaluating the prejudice to the plaintiff of dismissal). The Ninth Circuit expressly noted that such consideration should include "loss of otherwise timely claims if new suits are blocked by statutes of limitations." Rush, 779 F.3d at 975 (citation omitted).

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Canatella v. Van De Camp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldanado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004).

With respect to his claims against the Lancaster defendant, Plaintiff knew or should have known of the injury no later than September 2015. Based on the applicable statute of limitations, he likely could not pursue a section 1983 claim after September 2017. Therefore, in consideration of the potential prejudice resulting from severance and dismissal, and in an abundance of caution, the Court will recommend transfer of the claims against the Lancaster defendant, Officer Riet.[1] Based on this recommendation, the Court will limit its screening to the Corcoran State Prison defendant, Officer Morgan.

**B. Deprivation of Property**

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36, 102 S.Ct.

---

[1] In recommending transfer, the Court has not assessed whether Plaintiff states a cognizable claim for relief against Officer Riet, and makes no determination regarding the merits of any claim asserted against Officer Riet.

4

1148, 71 L.Ed.2d 265 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff alleges that Defendant Morgan wrongly dealt with his property resulting in its loss. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to him. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his personal property. This deficiency cannot be cured by amendment.

### C. State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial,...the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, Plaintiff fails to state a cognizable federal claim for relief under 42 U.S.C. § 1983. Liberally construing allegations in the complaint, Plaintiff may be able to pursue a state law claim against Defendant Morgan. However, as Plaintiff has failed to state any cognizable federal claims in this action, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action, and that Plaintiff's state law claims be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3).

### IV. Conclusion and Recommendation

Based on the above, it will be recommended that Plaintiff's claims against Officer Riet be severed from this action and transferred to the Central District of California. Further, Plaintiff's

second amended complaint fails to state a cognizable claim against Defendant Morgan. The deficiencies in Plaintiff's complaint cannot be cured by amendment, and thus leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS as follows:

1. Plaintiff's claims against Officer Riet arising from events at Lancaster State Prison be severed from this action and transferred to the Central District of California;
2. Plaintiff's federal claims against Officer Morgan be dismissed from this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A; and
3. Plaintiff's state law claims be dismissed without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 9, 2018**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE